CITY of DARDANELLE, Arkansas *v.* CITY of RUSSELLVILLE, Arkansas, City Corporation, and Arkansas Department of Environmental Quality

07-195                                                262 S.W.3d 615

Supreme Court of Arkansas
Opinion delivered September 20, 2007

PER CURIAM. Appellant City of Dardanelle, Arkansas, appeals from an order of the Pope County Circuit Court dismissing its complaint against Appellees City of Russellville, City Corporation, and Arkansas Department of Environmental Quality. Because Appellant has submitted a brief without a proper abstract in violation of Ark. Sup. Ct. R. 4-2(a)(5), we order rebriefing.

Rule 4-2(a)(5) provides, in pertinent part:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

Furthermore, the procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup. Ct. R. 4-2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

In the instant case, a hearing was held on October 24, 2006, in which counsel for all parties argued the merits of the motions to dismiss filed by Appellees. Rather than abstracting the transcript of this hearing as required by Rule 4-2(a)(5), Appellant simply reproduces the transcript in the Addendum. Appellant notes, on a page labeled "Abstract," that the transcript of the arguments can be found in the Addendum but is not abstracted. Because Appellant has failed to comply with Rule 4-2(a)(5), we order Appellant to abstract the transcript of the October 24 hearing and to file a substituted abstract, addendum, and brief within fifteen days from the date of entry of this order. If Appellant fails to

do so within the prescribed time, the order appealed from may be affirmed for noncompliance with Rule 4-2.

After service of the substituted abstract, addendum, and brief, Appellees shall have an opportunity to revise or supplement their briefs in the time prescribed by the Court.

Rebriefing ordered.

GLAZE, J., not participating.